UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEO J. METZGAR and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>       -against-<br><br>THE LINDA K REYLE REVOCABLE LIVING TRUST and JAMES DEMMER INSURANCE AGENCY, INC.,<br><br>                    Defendant. | Case No.: 23-cv-02913<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## INJUNCTIVE RELIEF SOUGHT

Plaintiff, LEO J. METZGAR, on behalf of himself and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendants THE LINDA K REYLE REVOCABLE LIVING TRUST and JAMES DEMMER INSURANCE AGENCY, INC. and for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

## NATURE OF THE CLAIMS

1.     This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant.s  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendant's unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et seq. and its implementing regulation, the New York State Executive Law (the "Executive Law") § 296, and the New York State Civil Rights Law § 40. Plaintiff also alleges a claim for Negligence.  As explained more fully below, the Defendants own lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for

the acts and omissions of its employees and agents for the conduct alleged herein.

## JURISDICTIONAL ALLEGATIONS

2.      This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

3.      Defendant THE LINDA K REYLE REVOCABLE LIVING TRUST is a trust located in Sussex County, State of New Jersey.   Defendant THE LINDA K REYLE REVOCABLE LIVING TRUST is the owner of the property located at 20 East Main Street, Port Jervis, New York 12771, County of Orange, State of New York (hereinafter the "Premises.")

4.      Defendant-Operator JAMES DEMMER INSURANCE AGENCY, INC. is a domestic business corporation licensed to and doing business in New York State. Defendant JAMES DEMMER INSURANCE AGENCY, INC. is the operator of the property located at 20 East Main Street, Port Jervis, New York 12771, County of Orange, State of New York (hereinafter the "Premises").

5.      Defendants THE LINDA K REYLE REVOCABLE LIVING TRUST and JAMES DEMMER INSURANCE AGENCY, INC. are collectively referred to herein as ("Defendants").

6.      Plaintiff LEO J. METZGAR is an adult male confined to a wheelchair.  Plaintiff, is incapable of moving around outside of his home without assistance and a wheelchair.  He has further restrictions, speaking, caring for himself, or performing any other tasks associated with daily living. Plaintiff resides in Orange County, New York.

7.      This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202)

pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's right under the ADA. The Court has supplemental jurisdiction over plaintiffs' related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

8.      Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. §1391 because Defendants acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that are the subject of this action are located in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      The Defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, JAMES DEMMER INSURANCE AGENCY, INC. located at the Premises, within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), and the Executive Law (§ 292(9)).

10.     JAMES DEMMER INSURANCE AGENCY, INC. is a place of public accommodation within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), and the Executive Law (§ 292(9)), as the facility is operated by a private entity as a retail establishment and its operations affect commerce.

11.     On or about, March 21, 2023 plaintiff attempted to access the business.

12.     On or about, March 21, 2023 plaintiff discovered that the premises contained, architectural barriers at Defendants' place of public accommodation that prevents and/or restricts access to plaintiff, a person with a disability.

13.     The services, features, elements and spaces of Defendants' place of public accommodation are not readily accessible to, or usable by the plaintiff as required by the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States

*Metzgar v. James Demmer et al*
*Complaint*
*3 | P a g e*

Department of Justice in 1991 or the revised final regulation implementing Title III of the ADA adopted by the United States Department of Justice in 2010 (all hereinafter referred to as the "Accessibility Standards").

14.     The services, features, elements and spaces of Defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Accessibility Standards.

15.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the Accessibility Standards, plaintiff was and has been unable to enjoy equal and complete access to Defendants' place of public accommodation.

16.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the Accessibility Standards.

17.     Plaintiff can't perform daily activities outside the house without the use of a wheelchair.

18.     Plaintiff visited the property which forms the basis of this lawsuit but encountered architectural barriers at the subject property precluding them from reasonably accessing the goods and services provided to non-disabled individuals. The barriers to access at the Premises have deterred plaintiff from availing herself of and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals.

19.     Defendants have and are continuing to discriminate against plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts

*Metzgar v. James Demmer et al*
*Complaint*
*4 | P a g e*

20.    More specifically, plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and plaintiff is further deterred and discouraged from additional travel due to Defendant's ongoing non-compliance with the ADA.

21.    Barriers to access that plaintiff encountered and/or which exist at the Defendants' place of public accommodation include, but are not limited to, the barriers identified below:

Site Arrival:

   I.    There does not appear to be an accessible route from the public sidewalk to the building entrance. See below.
      a.    *Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1), 2010 Standards 206.2.1, and 2014 NYC 1104.1.*

Public Entrance:

   II.    The public entrance does not appear to be accessible. See below.
      *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i). Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1. Defendants fail to provide that all its public entrances are accessible. See 2014 NYC 1105.1.*

Public Exit:

   I.    The public exit does not appear to be accessible. See below.
      *Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

22.    Upon information and belief, the above-listed discriminatory violations are not an exhaustive list of all ADA violations on the Premises. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all the barriers to access that constitute discriminatory acts in violation of the ADA.

---

totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

*Metzgar v. James Demmer et al*
*Complaint*
5 | P a g e

23.     Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

24.     Defendants have failed to ensure that its place of public accommodation and the elements therein are in compliance with the Accessibility Standards, including but not limited to ensuring the maintenance of accessible features.

25.     The barriers to access within Defendants' place of public accommodation continue to exist.

26.     Plaintiff has a realistic, credible and continuing threat of discrimination from Defendants non-compliance with the laws prohibiting disability discrimination. The barriers to access within Defendants' place of public accommodation continue to exist and deter plaintiff.

27.     Plaintiff travels frequently to the neighborhood where Defendants' place of public accommodation is located and patronizes places in the neighborhood.

28.     Plaintiff intends to patronize the Defendants' place of public accommodation after they become fully accessible and complaint with the Accessibility Standards.

29.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards.

30.     Plaintiff intends to patronize the Defendants' place of public accommodation as "tester" to monitor, ensure, and determine whether Defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards – all for the benefit of those similarly situated to plaintiff.

*Metzgar v. James Demmer et al*
*Complaint*
**6 |** *P a g e*

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE ADA)

31.     Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

32.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, plaintiff uses a wheelchair for mobility, and has restricted use of his arms and hands.

33.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

34.     The Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff.

35.      By failing to comply with the law, Defendants have articulated to disabled persons such as the plaintiff that they are not welcome, is objectionable and not desired as patrons of their public accommodation.

36.     Defendants have discriminated against plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the Accessibility Standards.

37.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled in violation of 42 U.S.C. §12182 and 28 C.F.R. § 36.203.

38.     Upon making alterations to their public accommodation, Defendants failed to

*Metzgar v. James Demmer et al*
*Complaint*
7 | *P a g e*

make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

39.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

40.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against plaintiff based on disability in violation of § 302 of the ADA, 42 U.S.C. §12182, and 28 C.F.R. §36.304.

41.     In the alternative, Defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

42.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.202 *et seq.*

43.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on property owners to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, within the meaning of the ADA, JAMES DEMMER INSURANCE AGENCY, INC. continuously controlled, managed, and operated the sidewalk abutting the Premises, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

44.     Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

45.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

*Metzgar v. James Demmer et al*
*Complaint*
*8 | P a g e*

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

46.     Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

47.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions.  Plaintiff cannot perform the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

48.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

49.     Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each Defendant has aided and abetted others in committing disability discrimination.

50.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2) (c)(iii).

51.     In the alternative, Defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

52.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

53.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

54.     As a direct and proximate result of Defendants' unlawful discrimination in

*Metzgar v. James Demmer et al*
*Complaint*
**9 |** *P a g e*

violation of New York Executive Law, plaintiff has suffered and continue to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

55.     Plaintiff has suffered damages in the amount of at least **Fifty Thousand Dollars ($50,000.00)** from each Defendant and the total amount shall be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

56.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

57.      Defendants discriminated against plaintiff pursuant to New York State Executive Law.

58.     Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of **Five Hundred Dollars ($500.00)** per defendant for each and every barrier and violation.

59.     Notice of Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d. (*See* Exhibit A attached hereto).

## INJUNCTIVE RELIEF

60.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

61.     Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

62.     Injunctive relief is further necessary to order Defendants to provide auxiliary aids

*Metzgar v. James Demmer et al*
*Complaint*
*10 | P a g e*

or services, modification of their policies, and/or provisions of alternative methods in accordance with the ADA, and Executive Law.

## **DECLARATORY RELIEF**

63.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendants against plaintiff and as to required alterations and modifications to Defendants' place of public accommodation, facilities, goods and services, and to Defendants' policies, practices and procedures.

## **ATTORNEY'S FEES, EXPENSES AND COSTS**

64.     In order to enforce plaintiff's rights against the Defendants, plaintiff has retained counsel and are entitled to recover attorney's fees, expenses and costs pursuant to the ADA. 42 U.S.C. § 12205; 28 C.F.R. § 36.505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that the Court enter a judgment against Defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, and Executive Law and declaring the rights of plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices and procedures;

B. Issue a permanent injunction ordering Defendants to close and cease all business until Defendants remove all violations of the ADA, the Accessibility Standards, and Executive Law, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Find Defendants guilty of a class A misdemeanor for violating New York State Civil

*Metzgar v. James Demmer et al*
*Complaint*
*11 | P a g e*

Rights Law pursuant to New York State Civil Rights Law § 40-d;

E. Award at least **FIFTY THOUSAND DOLLARS ($50,000.00)** to plaintiff as compensatory damages, per defendant, plus pre-judgment interest, as a result of Defendants' violations of New York State Executive Law.

F. Award plaintiff **FIVE HUNDRED DOLLARS ($500.00)** for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find the plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA;

H. Any such other and further relief the Court shall deem just and proper.

Dated:   Syosset, New York
         April 6, 2023

                              Respectfully submitted,

                              BELL LAW GROUP, PLLC


                              By: */s/ Daniel Johnston*
                              Daniel Johnston, Esq.
                              Attorneys for Plaintiff
                              100 Quentin Roosevelt Blvd Suite 208
                              Garden City, NY 11530
                              (516) 540-4336
                              DJ@BellLG.com

*Metzgar v. James Demmer et al*
*Complaint*
**12** | *P a g e*